**COHEN & MIZRAHI LLP**
Yosef Steinmetz
Florida Bar No.: 119968
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
ysteinmetz@cmlattorneys.com

*ATTORNEY FOR PLAINTIFF*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

| | |
|---|---|
| MARGARET PASQUET,<br><br>                    Plaintiff,<br>   vs.<br><br>CREDIT COLLECTION SERVICES and CREDIT MANAGEMENT, L.P.,<br><br>                    Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Margaret Pasquet ("Plaintiff") brings this action against defendants Credit Collection Services ("CCS") and Credit Management, L.P. ("CM") (collectively "Defendants"). Plaintiff alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.  This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.  Defendants have been furnishing inaccurate account information that was published on Plaintiff's credit reports. On July 16, 2020, Plaintiff submitted debt validation letters

to CCS and CM disputing the accuracy of reporting and asking defendants to validate the details of the accounts.

3. The FDCPA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without updating the account as necessary. Nonetheless, defendants continued to communicate the information without updating the account as necessary. Defendants' reporting was thus misleading as a matter of law.

4. The FDCPA also prohibits the debt collector from re-reporting the account without marking the account as disputed, once the consumer disputes the details of an account. CCS and CM did not report to Experian, one of the largest credit reporting agencies, that the account was disputed.

5. Plaintiff's credit score suffered as a result of the misleading information communicated by CCS and CM, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

6. The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff resides in Miami-Dade County, Florida, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1692a. Plaintiff is an individual.

9. CCS is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of

which is to attempt to collect debts alleged to be due another.  CCS qualifies as a "debt collector" under the FDCPA.

10. CM is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another.  CM qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

11. This case involves a CCS collections account that was reported on Plaintiff's Experian credit report.  The original creditor of the account was Quest Diagnostics Inc., a large provider of diagnostic testing and information.

12. This case also involves a CM collections account that was reported on Plaintiff's Experian credit report.  The original creditor of the account was Comcast Cable.

13. On July 16, 2020, after Plaintiff learned that CCS and CM communicated inaccurate information about the collection accounts, Plaintiff sent debt validation letters directly to CCS and CM disputing the accuracy of information on the accounts.

14. On July 16, 2020, Plaintiff also disputed the CCS and CM account reporting by submitting a written dispute letter to Experian's Fair Credit Reporting Act compliance department.

15. Under the Fair Credit Reporting Act, upon receiving Plaintiff's dispute letter, Experian was statutorily obligated to notify CCS and CM of the dispute within five days.

16. Notification of Plaintiff's dispute triggered CCS and CM's statutory obligations to conduct an investigation, mark the account as disputed, and delete the disputed information from Plaintiff's account.

17. Nonetheless, Defendants continued to communicate account information without making any correction.

18. Plaintiff's credit score suffered as a result of the misleading information communicated by CCS and CM, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

## CAUSES OF ACTION

### COUNT I

**Against Defendants for Violations of the FDCPA, 15 U.S.C. § 1692e**

19. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

20. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. Defendants received a debt validation letter from Plaintiff stating that the information on the account was incorrect.

22. Nonetheless, Defendants continued to report the details of Plaintiff's account to the credit reporting agencies without changing the account's information.

23. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

24. Accordingly, Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages, and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

- 5 -

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  May 7, 2021                                   **COHEN & MIZRAHI LLP**

                                                              */s/ Yosef Steinmetz*
                                                              Yosef Steinmetz

Florida Bar No.: 119968
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
ysteinmetz@cmlattorneys.com

*Attorney for Plaintiff*